SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEHDI YAHYANEJAD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PETER D. KEISLER,* Attorney General of ) <br> the United States, in his official capacity; ) <br> ROBERT S. MUELLER, Director of FBI, in ) <br> his official capacity; MICHAEL ) <br> CHERTOFF, Secretary of the Department of ) <br> Homeland Security, in his official capacity; ) <br> EMILIO T. GONZALEZ, Director of the ) <br> United States Citizenship and Immigration ) <br> Services, in his official capacity; ) <br> ROSEMARY MELVILLE, District Director ) <br> of the San Francisco Citizenship and ) <br> Immigration Services Office, in her official ) <br> capacity; FRANCIS D. SICILIANO, ) <br> Director of San Jose Field Office, in his ) <br> official capacity, ) <br> ) <br> Defendants. ) <br>_____) | No. C 07-3867 RS <br><br> REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS <br><br> No Oral Argument by Stipulation and Court Order |

    Plaintiff opposes Defendants Keisler and Mueller's motion to dismiss the Complaint against them. Plaintiff asserts that he challenges the delay in adjudicating his application, including the incomplete name check. Plaintiff's Opposition, p. 2. He argues that Defendants have a non-

___

Pursuant to Fed. R. Civ. P. 25(d)(1), Peter D. Keisler is substituted for his predecessor, Alberto Gonzales, as the United States Attorney General.

REPLY
C 07-3867 RS

1  discretionary duty to adjudicate his adjustment of status application. However, since March 1, 2003,
2  the Department of Homeland Security ("DHS") has been the agency responsible for implementing
3  the Immigration and Nationality Act. See 6 U.S.C. §§ 271(b)(5), 557. Thus, the only relevant
4  Defendants here are those within the Department of Homeland Security, and Defendants Keisler and
5  Mueller should be dismissed. See Liang v. Attorney General of the United States, No. 07-cv-02349
6  CW, slip. op., at 6-7 ("the APA does not confer jurisdiction over the FBI in connection with an
7  action for judicial review of the USCIS's failure to act on an adjustment of status application") (N.D.
8  Cal. Oct. 30, 2007); Clayton v. Chertoff, et al., No. 07-cv-02781-CW, slip. op., at 4-7 (N.D. Cal.
9  Oct. 1, 2007) (dismissing non-Homeland Security defendants because neither the Federal Bureau
10 of Investigation ("FBI") nor the Attorney General have the statutory obligation or authority to
11 adjudicate adjustment applications); Konchitsky v. Chertoff, No. C-07-00294 RMW, 2007 WL
12 2070325, at *6-7 (N.D. Cal. July 13, 2007) (stating "courts squarely addressing the issue of whether
13 they have jurisdiction to compel the FBI to perform name checks . . . have overwhelmingly
14 concluded that they do not."); Dmitriev v. Chertoff, No. C 06-7677 JW, 2007 WL 1319533, at *4
15 (N.D. Cal. May 4, 2007) (dismissing the FBI without comment on jurisdiction).

16     Plaintiff suggests that the FBI "has relinquished any discretionary duties" by entering into
17 a fee-for-service contract with DHS. Plaintiff's Opposition, p. 4. No law suggests that by agreeing
18 to perform background investigations of applicants for immigration benefits, the FBI loses its
19 discretion in how to perform its investigatory function. Contra Jafree v. Barber, 689 F.2d 640, 642
20 (7th Cir. 1982) (holding court lacked jurisdiction to compel FBI to investigate alleged criminal
21 violations because such investigation is discretionary). The statute which authorizes the FBI to
22 perform name checks for non-law enforcement purposes contains the term "may," which is
23 discretionary language. Departments of Commerce, Justice, and State, the Judiciary, and Related
24 Agencies Appropriations Act of 1991, Pub. L. 101-515, 104 Stat. 2101, 2112; see Pacific Marine
25 Conservation Council, Inc. v. Evans, 200 F. Supp. 2d 1194, 1201 (N.D. Cal. 2002) (describing
26 "may" as discretionary language). Moreover, the Ombudsman's Report cited by Plaintiff actually
27 supports Defendants' argument.
28 ///

REPLY
C 07-3867 RS                                    2

1 | If the FBI owes any duty at all, it is a duty owed to DHS, not Plaintiff. Defendants respectfully ask the Court to join the vast majority of courts across the nation, and recognize that the FBI is not properly named. See <u>Eldeeb v. Chertoff</u>, No. 07-cv-236-T-17EAJ, 2007 WL 2209231, at *21 (M.D. Fla. July 30, 2007) (dismissing the FBI, stating that the duty owed by the FBI is to USCIS, not the plaintiff); <u>Yan v. Mueller</u>, No. H-07-0313, 2007 WL 1521732, at *6 (May 24, 2007) ("The evidence shows that the delay is due, not only to the volume of requests that the FBI receives, but also to the FBI's <u>exercise of discretion</u> in determining the timing for conducting the many name check requests that it receives and the manner in which to conduct those checks." (emphasis added)); <u>Li v. Chertoff, et al.</u>, 482 F. Supp. 2d 1172, 1179 (S.D. Cal. 2007) ("Additionally, Plaintiff has not pointed to any statute or regulation requiring the FBI to complete her name check in any period of time, reasonable or not."); <u>Sozanski v. Chertoff, et al.</u>, No. 06-cv-0993, 2006 WL 4516968, at *1 (N.D. Tex. Dec. 11, 2006) (holding that federal district courts lack jurisdiction to compel the FBI to perform name checks in adjustment of status cases).

For the foregoing reasons, Defendants Keisler and Mueller respectfully ask the Court to dismiss the Complaint against them.

Dated: October 31, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


     /S/
MELANIE L. PROCTOR
Assistant U.S. Attorney
Attorneys for Defendants